O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELITE LOGISTICS CORPORATION, ) | Case No. CV 11-02963 DDP (PLAx) |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER GRANTING DEFENDANTS' MOTION** |
| v. ) | **TO DISMISS FOR LACK OF SUBJECT** |
| ) | **MATTER JURISDICTION** |
| MEDITERRANEAN SHIPPING ) | |
| COMPANY, S.A.; MEDITERRANEAN ) | |
| SHIPPING COMPANY U.S.A., ) | |
| INC., ) | [Dkt. No. 22] |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

    Presently before the court is a Motion to Dismiss Plaintiff's Complaint brought by Defendants Mediterranean Shipping Company, S.A. and Mediterranean Shipping Company U.S.A., Inc. (collectively, "Mediterranean"). Because the court determines that subject matter jurisdiction is lacking, the court grants the motion and adopts the following order.

**I.   Background**

    Mediterranean, a shipping company, contracts with trucking companies such as Plaintiff for the overland transport of cargo containers. When truckers do not return containers on time,

Mediterranean charges late fees.[1]  The parties enter into a standard contract, the Uniform Intermodal Interchange and Facilities Access Agreement ("the Agreement").  The Agreement contains an arbitration provision that applies to billing disputes.[2]  Plaintiff filed suit in this court, alleging that Mediterranean improperly charged plaintiff late return fees on weekends and holidays.  Mediterranean now moves to dismiss the complaint for lack of subject matter jurisdiction.[3]

**II. Discussion**

Plaintiff filed suit in this court on the basis of diversity jurisdiction.  (Complaint ¶ 14.)  This court has jurisdiction over civil actions between diverse parties where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  A party may raise a jurisdictional challenge under Federal Rule of Civil Procedure 12(b)(1) either on the face of the pleadings or with reference to extrinsic evidence.  <u>Warren v. Fox Family Worldwide, Inc.</u>, 38 F.3d 1136, 1139 (9th Cir. 2003).  Where subject matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of proving its existence.  <u>Robinson v. United States</u>, 58 F.3d 683.

---

[1] The parties refer to these fees as "per diem" charges.  Mediterranean does not charge late pick-up, or "demurrage" fees.  (Declaration of Donnell Thorn in Support of Defendant's Motion to Dismiss ¶ 12.)

[2] In a related case, this court found the arbitration provision unconscionable and unenforceable.  See <u>Unimax Express, Inc. v. Cosco North Am., Inc.</u>, No. CV 11-02947 DDP, 2011 WL 5909881 at *3-4 (C.D. Cal. November 28, 2011).

[3] Because the court agrees with Mediterranean that subject matter jurisdiction is lacking, the court does not address Mediterranean's other arguments in support of the motion to dismiss.

2

    Here, Mediterranean has presented evidence that the total amount of late fees billed to Plaintiff was $12,640. (Thorn Dec. ¶ 10.) This amount is insufficient to confer jurisdiction under 28 U.S.C. § 1332(a).

    Though not pled in the complaint, Plaintiff's opposition to the instant motion suggests that this court has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Under CAFA, this court has original jurisdiction over class actions in which the parties are minimally diverse and in which the amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d). The complaint, however, makes no mention of CAFA and makes no suggestion that the amount in controversy exceeds the jurisdictional minimum. Nor has Plaintiff provided any extrinsic evidence that the $5 million minimum is met. To the contrary, Mediterranean has submitted evidence that it charged all motor carriers, including Plaintiff, a total of $506,685 in late fees incurred on weekends and holidays. (Thorn Dec. ¶ 18.) Mediterranean arrived at this figure by extrapolating from the amount of holiday and weekend fees charged in the representative month of March 2011. (Id. ¶¶ 16-18.) Mediterranean generally did not assess fees on weekends or holidays, unless shipping terminals were open and/or other contractual provisions applied. (Id. ¶ 13.)

    Apparently recognizing that it has not met its burden of proving subject matter jurisdiction, Plaintiff has requested jurisdictional discovery. (Opp. at 19-20.) Plaintiff argues that such discovery is necessary because the parameters of Mediterranean's electronic database are unknown. (Opp. at 20.) While the nature of Mediterranean's extrapolations might give cause

for concern under some circumstances, here, the disparity between Mediterranean's $506,685 in charges and the $5 million necessary to invoke CAFA jurisdiction is sufficiently large that it does not appear to the court that there is any reasonable probability that Plaintiff would be able to establish CAFA jurisdiction if discovery were allowed.  Furthermore, even if discovery were to somehow discredit Mediterranean's estimate, Plaintiff provides no explanation how more detailed information about Mediterranean's database parameters would help Plaintiff satisfy its burden to demonstrate that the jurisdictional minimum is met.  See Laub v. Dep't of Interior, 342 F.3d 1080, 1093 (9th Cir. 2003). Accordingly, Plaintiff's request is denied.

**III. Conclusion**

For the reasons stated above, Defendant's Motion to Dismiss is GRANTED.

IT IS SO ORDERED.

Dated: May 23, 2012

DEAN D. PREGERSON
United States District Judge